**LEWIS BRISBOIS BISGAARD & SMITH** LLP
JOSH COLE AICKLEN, NBN 7254
Josh.Aicklen@lewisbrisbois.com
CRAIG S. NEWMAN, NBN 3780
Craig.Newman@lewisbrisbois.com
STEVEN L. FOREMASTER, NBN 10350
Steven.Foremaster@lewisbrisbois.com
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Facsimile: 702.893.3789
Attorneys for Attorneys for DEFENDANTS
ROSS STORES, INC. and ROSS DRESS
FOR LESS, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LILLIAN KELLY, an Individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>ROSS STORES, INC., a foreign corporation; ROSS DRESS FOR LESS, INC., a foreign corporation; DOE INDIVIDUALS I-X, and ROE BUSINESS ENTITIES I-X,<br><br>    Defendants. | Case No. 2:24-cv-01258-GMN-DJA<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(THIRD REQUEST)** |

### STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES

Pursuant to LR 6-1 and LR 26-3, the parties, by and through their respective counsel of record, hereby stipulate and request that this Court extend discovery in the above-captioned case by ninety days (90) days. In addition, the parties request that all other future deadlines contemplated by the Discovery Plan and Scheduling Order be extended pursuant to Local Rule. In support of this Stipulation and Order, the parties state as follows:

1. On June 10, 2023, Plaintiff filed her Complaint in the Eight Judicial District Court in Clark County, Nevada.

2. On July 12, 2024, Defendants removed this matter to the United States District Court, District of Nevada.

163775102.1

3.  July 12, 2024, Defendants filed their answer to Plaintiff's Complaint.

## DISCOVERY REMAINING

1.  Defendant ROSS STORES, INC. has served written discovery on Plaintiff.
2.  Plaintiff has responded to written discovery.
3.  Plaintiff has served written discovery on Defendants.
4.  Defendants have responded to Plaintiff's written discovery.
5.  Defendants will have a Rule 35 Medical Examination performed on Plaintiff. The date of examination is currently being discussed between counsel.
6.  Defendants will take the deposition of Plaintiff.
7.  Plaintiff will depose Defendants' Rule 30(b)(6) designee(s).
8.  Defendants may depose Plaintiff's medical providers once able to collect any and all relevant medical treatment records and billing.
9.  The parties may depose any expert witnesses that are identified and disclosed
10. The parties may depose any and all other witnesses identified through discovery.

## WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

The parties claim, pursuant to Local Rule 26-3, that good cause exists for the requested extension. This Request for an extension of time is not sought for to delay the proceedings or for any improper purpose.

The parties have been diligently working to complete discovery. However, there have been difficulties coordinating a site inspection and setting depositions of the parties. In addition, locating relevant documents, information and witnesses has been problematic. These issues include Plaintiff waiting for Defendants to disclose the incident report from the subject incident that may have been lost or destroyed. Additionally, Plaintiff has been waiting for Defendants to supplement their disclosures and responses to discovery to include the full names and contact information for all employees involved in the subject incident for depositions. Lastly, Plaintiff has been waiting for defendants to supplement

their responses to discovery for whether the display is in the same condition as the subject incident for a site inspection. These issues have caused delay with completing discovery necessary for experts to complete their reports and the parties to prepare for depositions. The parties have conducted multiple meet and confers on these issues to alleviate motion practice, which have prevented the parties from complying with LR 26-3 in regard to submitting this stipulation and order before 21 days of the initial expert disclosure deadline but the parties have shown good cause and excusable neglect to grant the stipulation. For those reasons, the parties respectfully request an extension of the discovery deadlines in this matter to allow the parties additional time to conduct necessary discovery, including depositions, and disclose their respective experts.

<u>Extension or Modification of The Discovery Plan and Scheduling Order</u>. LR 26-3 governs modifications or extension of the Discovery Plan and Scheduling Order. Any stipulation or motion to extend or modify that Discovery Plan and Scheduling Order must be made no later than twenty-one (21) days before the expiration of the subject deadline and must comply fully with LR 26-3.

This is the third request for extension of time in this matter. The parties respectfully submit that the reasons set forth above constitute compelling reasons and good cause for the extension.

The following is a list of the current discovery deadlines and the parties' proposed extended deadlines:

| Scheduled Event | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Discovery Cut-off | *November 3, 2025* | *Monday February 2, 2026* |
| Expert Disclosure pursuant to FRCP26(a)(2) | *September 24, 2025* | *Tuesday December 23, 2025* |
| Rebuttal Expert Disclosure pursuant to FRCP. 26(a)(2) | *October 27, 2025* | *Monday January 26, 2026* |

163775102.1                                   3

| Scheduled Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Dispositive Motions | *December 23, 2025* | *Monday March 23, 2026* |
| Joint Pretrial Order | *January 22, 2026* | *Wednesday April 22, 2026*<br><br>*If dispositive motions are pending, the parties will submit their Joint Pretrial Order within thirty (30) days of the Court's order as to any dispositive motions.* |

WHEREFORE, the parties respectfully request this Court extend the discovery period by ninety (90) days from the current deadline of November 3, 2025 up to and including February 2, 2026, and extend the other dates as outlined in accordance with the table above.

IT IS SO STIPULATED.

| | |
|---|---|
| DATED the 24th day of September, 2025.<br><br>**MCMENEMY HOLMES PLLC**<br><br>/s/ Ian M. McMenemy<br>Ian M. McMenemy, Esq., NBN 13190<br>Dustun H. Holmes, Esq., NBN 12776<br>1645 Village Center Cir., Suite 291<br>Las Vegas, Nevada 89134<br>Attorneys for Plaintiff<br>LILLIAN KELLY | DATED the 24th day of September, 2025.<br><br>**LEWIS BRISBOIS BISGAARD & SMITH, LLP**<br><br>/s/ Steven L. Foremaster<br>JOSH COLE AICKLEN, NBN 7254<br>CRAIG S. NEWMAN, NBN 3780<br>STEVEN L. FOREMASTER, NBN 10350<br>6385 S. Rainbow Blvd., Ste. 600<br>Las Vegas, Nevada 89118<br>Attorneys for Defendants<br>ROSS STORES, INC. and<br>ROSS DRESS FOR LESS, INC. |

## ORDER

IT IS SO ORDERED.

Dated this __26th__ day of __September__, 2025.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE